UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                        Case number 02-80756

v.                                                   Honorable Julian Abele Cook, Jr.

FADY FAYAD,

        Defendant.

## ORDER

The Defendant, Fady Fayad, was indicted on one count of conspiring to commit immigration fraud in violation of 18 U.S.C. §371 in this criminal litigation which involves a total of fourteen Defendants. Now before the Court is a motion by Fayad who asserts the need to obtain a bill of particulars, as well as a variety of other discovery material, from the Government.

In his petition for a bill of particulars, Fayad asks the Government to provide him with documents that will (1) identify the names of those naturalization applicants who are alleged to have received fraudulent certifications from him, (2) specify the N-648 forms that were allegedly used by him in connection with the claimed conspiracy, and (3) provide him with the names of all naturalization applicants whom the Government intends to call as witnesses during the trial.

It is well settled that an accused person, such as Fayad, is entitled to receive certain fundamental information from the Government in order to (1) insure that he fully understands the nature of the charges against him, (2) avoid or minimize the danger of an unfair surprise at trial, and (3) provide him with a basis upon which to assert a double jeopardy defense  if he is subsequently charged with the same criminal offense. *United States v. Brimley*, 529 F.2d 103, 108

(6th Cir. 1976) (citing *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965). Thus, the Court is required - at a minimum - to determine if the indictment has sufficiently informed the defendant of the charges that are pending against him. *United States v. Bavers*, 787 F.2d 1022, 1028 (6th Cir. 1985).

Following its review of the record in this cause, the Court concludes that Fayad has failed to demonstrate that the language within the indictment against him is sufficiently vague which, in turn, would preclude him from preparing a meaningful defense. Moreover, it is the view of the Court that the indictment against Fayad (1) clearly sets forth the charge against him, and (2) identifies several overt acts with a reasonable degree of clarity that had been allegedly committed by him. Thus, his requested bill of particulars is not warranted in this criminal proceeding for the reasons that have been noted above.

Although Fayad seeks to obtain other material and information in connection with the criminal charges against him, he does not contend that the Government has failed to comply with its continuing discovery obligations under the Federal Rules of Criminal Procedure. It is also important to note that the Government must also produce any material that is favorable to Fayad. *Brady v. Maryland*, 373 U.S. 83 (1963). Furthermore, Fayad requests a list of all witnesses whom the Government intends to call at trial. Although a criminal defendant does not have a right to receive or examine the Government's witness list, this Court has the discretion to require production. *United States v. Napue*, 834 F.2d 1311, 1318 (7th Cir. 1987). With recognition that the Government claims to have provided Fayad with a list of approximately eight hundred potential witnesses, the Court does not find that it is the interests of justice to compel the Government to produce its witness list in this case.

Accordingly, "Defendant Fady Fayad's Motion for a Bill of Particulars and for Discovery" is denied.

IT IS SO ORDERED.

DATED:    June 2, 2005                                s/ Julian Abele Cook, Jr.
          Detroit, Michigan                           JULIAN ABELE COOK, JR.
                                                      United States District Judge

<u>Certificate of Service</u>

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 2, 2005.

                                                      s/ Kay Alford
                                                      Courtroom Deputy Clerk